UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KOBA MUSHKUDIANI,

        Plaintiff,

-against-

RACANELLI CONSTRUCTION GROUP INC., X&Y DEVELOPMENT GROUP LLC, CONSTRUCTION AND REALTY SERVICES GROUP, INC., WESTIN HOTEL MANAGEMENT, LP. d/b/a WESTIN ELEMENT HOTEL, FLUSHING MEDICAL SERVICES, PLLC d/b/a/ NORTH QUEENS MEDICAL CENTER, FLEET FINANCIAL GROUP INC., and JIQING DEVELOPMENT INC.

        Defendants,

-and-

SECURITIES AND EXCHANGE COMMISSION,

        Respondents.

25 Civ. 5474

---

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that the Securities and Exchange Commission ("SEC") hereby removes to the United States District Court for the Eastern District of New York the Order to Show Cause petition filed by Plaintiff Koba Mushkudiani ("Mushkudiani") and directed to the Securities and Exchange Commission ("SEC") in *Mushkudiani v. Racanelli Construction Group Inc., et al.*, No. 502931/2017 (N.Y. Sup Ct., Kings Cnty.) ("State Court Action").

I, Christopher M. Colorado, an attorney for the SEC, respectfully state the following facts based on personal knowledge:

1

**BACKGROUND**

As explained below, the Order to Show Cause Petition in the State Court Action that the SEC hereby removes ("Order to Show Cause Petition") is directed to and against the SEC; seeks to cancel and impair certain property rights held by the SEC; and is related to the SEC's post-judgment collection activities in *SEC v. Xia, et al.*, 21-cv-5350 (E.D.N.Y.) (the "*Xia* Case"). (*See* Order to Show Cause Petition, attached hereto as Exhibit A.)

**I.     The SEC *Xia* Case**

1. On September 27, 2021, the SEC filed the *Xia* Case against defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center ("Fleet"), alleging that Xia and Fleet defrauded 450 investors out of more than $228 million, in violation of the federal securities laws, and that defendants used those funds, in part, to buy real estate—including 42-31 Union Street, Flushing, New York 11355 (the "Eastern Mirage Property"). (*Xia* Case, ECF No. 1.)

2. Also on September 27, 2021, the court in the *Xia* Case entered a temporary restraining order that froze all of Xia's and Fleet's assets up to $229 million and prohibited "any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal . . . of [assets, funds, or other property] held by, or under the direct or indirect control of" Xia or Fleet. (*Xia* Case, ECF No. 11 at 5.) The court also appointed a monitor over entities owned and/or controlled by Xia, including "X&Y Development Group, LLC, a New York limited liability company formed on September 20, 2007, owned and controlled by Xia." (*Xia* Case, ECF No. 11-1 at 1 & Schedule A.)

3. On December 8, 2022, the court in the *Xia* Case entered a Preliminary Injunction Freezing Assets. The preliminary injunction freezes "assets, funds, or other property held by or under the direct or indirect control of [Xia and/or Fleet] whether held in any of their names or for their direct or indirect beneficial interests, wherever located." (*Xia* Case, ECF Nos. 217 (sealed),

227 at 3 (unsealed).)  It prohibits "any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal . . . of [assets, funds, or other property] held by, or under the direct or indirect control of [Xia and/or Fleet], whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated[.]"  (*Xia* Case, ECF No. 227 at 3.)

4. The Preliminary Injunction Freezing Assets applies to X&Y Development Group, LLC ("X&Y Development") and the Eastern Mirage Property.  Xia wholly owns X&Y Development, which is the nominal owner of the Eastern Mirage Property.

5. On August 23, 2023, the SEC filed a *Notice of Lis Pendens* in New York State Supreme Court, Queen's County, on the Eastern Mirage Property.  The *Lis Pendens* gave notice of the pending *Xia* Case, including the Preliminary Injunction Freezing Assets, thus establishing the SEC's property rights in the Eastern Mirage Property and alerting future buyers that they would take the property subject to the SEC's rights.

6. On July 26, 2024, the court in the *Xia* Case entered a consent final judgment against Xia and Fleet ("Final Judgment").  The Final Judgment ordered, among other things, that: (a) Xia and Fleet pay $228.5 million in disgorgement plus $25 million in pre-judgment interest; (b) Xia pay approximately $3.1 million in civil penalties; (c) Fleet pay approximately $18 million in civil penalties; and (d) Xia convey to the SEC a senior lien in the Eastern Mirage Property (the "Mortgage") as security for the monetary relief owed.  The Final Judgment gave Xia and Fleet 245 days to satisfy their monetary obligations.

7. Pursuant to the Final Judgment, Xia and X&Y Development conveyed the Mortgage to the SEC on November 7, 2024.  The SEC recorded the Mortgage with the New York City Department of Finance on November 15, 2024.

8. Xia and Fleet failed to satisfy their Final Judgment monetary obligations within the 245-day deadline and still owe $211 million in disgorgement and pre-judgment interest, plus the full amount of the civil penalties and statutory post-judgment interest.

9. The SEC has requested to enforce of the Final Judgment by seeking appointment of a liquidation agent to market and sell Xia's real estate properties including the Eastern Mirage Property. (*Xia* Case, ECF Nos. 599, 600.) That request is pending.

## II.   *The State Court Action Order to Show Cause Petition Against the SEC*

10. On September 13, 2017, Mushkudiani filed the State Court Action—a tort action unrelated to the *Xia* Case—against several defendants, including X&Y Development.

11. On June 30, 2025, the court in the State Court Action entered a $36,295,055 judgment for Mushkudiani against four defendants in that case, including X&Y Development.

12. On August 11, 2025, Mushkudiani filed the Order to Show Cause Petition in the State Court Action against the SEC and others.

13. On September 9, 2025, the SEC received a copy of the Order to Show Cause Petition from Mushkudiani via certified mail.

14. The Order to Show Cause Petition seeks several forms of relief from the State Court, including an Order: (a) vacating the SEC's *Lis Pendens* and canceling the SEC's property rights under that *Lis Pendens*; (b) voiding the Mortgage that Xia issued to the SEC under the Final Judgment and canceling the SEC's property rights under that Mortgage; and (c) appointing a receiver to sell the Eastern Mirage Property.

15. The Order to Show Cause Petition states that the SEC must respond in New York Supreme Court, Kings County, on October 23, 2025 at 9:30 a.m.

4

16.  The relief Mushkudiani seeks in the Order to Show Cause Petition would cancel the SEC's property rights and would contravene the Final Judgment in the *Xia* Case, which prohibits "any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal" of property "held by, or under the direct or indirect control of" Xia—including the Eastern Mirage property nominally owned by X&Y Development—until Xia and Fleet satisfy their monetary obligations to the SEC under the Final Judgment.

17.  In addition to impermissibly seeking to cancel the SEC's property rights, Mushkudiani's requested order in the State Court Action would limit the SEC's ability to collect from Xia's wholly-owned entity, X&Y Development, the Final Judgment amounts that Xia owes.

## STATUTORY BASIS FOR REMOVAL

18.  The SEC removes the Order to Show Cause Petition in the State Court Action under 28 U.S.C. § 1442(a)(1).

19.  Section 1442(a)(1) permits removal of any: "civil action . . . that is commenced in a State court and that is **against or directed to** . . . any agency [of the United States] . . . for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue." 28 U.S.C. § 1442(a)(1) (emphasis added); *see also Ngambo v. Social Sec. Admin.*, No. 23-cv-963 (AEK), 2023 WL 8275925, at *1 (S.D.N.Y. Nov. 30, 2023) ("[T]he SSA removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of actions against an agency of the United States.").

20.  Section 1442(a)(1) requires four elements for removal: "(1) the proceeding must be a 'civil action,' (2) the civil action must be 'against or directed to' the removing party, (3) the removing party must be one of the entities listed, (4) and the civil action must be 'for or relating

5

to any act under color of such office.'" *Conway v. Friday Health Plans of Colorado, Inc.*, No. 24-cv-03484-RMR, 2025 WL 1789325, at *4 (D. Colo. June 27, 2025) (internal cites omitted); *see also Bilal v. Russell*, 24-cv-3335 (MKB), 2025 WL 845112, at *4 (E.D.N.Y. Mar. 18, 2025) ("Under section 1442(a)(1), a civil action may be removed to federal court if it is against or directed to . . . [t]he United States or any agency thereof . . . for or relating to any act under color of such office.").

21. Section 1442(d)(1) defines a "civil action" as

> any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

28 U.S.C.A. § 1442(d)(1).

22. Unlike other removal provisions, Section 1442(a)'s scope "'is not narrow or limited.'" *See Cuomo v. Crane Co., et al.*, 771 F.3d 113, 115 (2d Cir. 2014) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).

23. In November 2011, Congress amended Section 1442(a) to add the words "civil action" and "directed to" to the statute, intending to provide removal of ancillary actions or motions where a court order is sought from a state court against a government employee or agency—even where the employee or agency is not a defendant. *See* Removal Clarification Act of 2011, Pub. L. 11251, 125 Stat. 545 (2011); *see also In re Commonw.'s Mot. to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 450 F.3d 457, 467-68 (3d Cir. 2015) (discussing legislative history).

24. The Order to Show Cause Petition satisfies all factors for removal.

6

25. First, the Order to Show Cause Petition seeks judicial orders and thus qualifies as a "civil action." *See* 28 U.S.C. §§ 1442(a)(1), (d)(1) (defining "civil action" to include ancillary proceedings in which a judicial order is sought); *see also In re Commonw. Motion*, 790 F.3d at 467 (holding that motions seeking to disqualify federal defender from representing clients in state post-conviction proceedings are civil actions under Section 1442(a)); *see In Re Lusk*, No. 16-cv-0930-AG, 2016 WL 4107671, *3 (C.D. Cal. Jul. 30, 2016) (noting that Section 1442(a)(1) has a "broad definition" of what constitutes a civil action).

26. Second and third, the Order to Show Cause Petition is "directed at" the SEC, an agency of the United States. As courts have found, the SEC's posture in the State Court action is enough to support removal, even though the SEC is not listed as a "defendant." For example, in *Hammer v. United States Department of Health & Human Services*, the Seventh Circuit addressed whether removal under Section 1442(a)(1) was appropriate where a plaintiff in a state court liquidation of a defunct insurance company sought declaratory relief against a federal agency that was merely a creditor of the debtor insurance company. *See* 905 F.3d 517, 524 (7th Cir. 2018). Although the federal agency was not a named defendant, the Seventh Circuit nonetheless held that the state court action was "against or directed at" the federal agency because the agency was served with notice of a motion, required to respond to the motion, and the motion sought relief from the agency. *Id.* at 528; *see also Phila. Cmty. Develop. Coal., Inc. v. Wells*, 779 F. Supp. 3d 539, 543-44 (E.D. Pa. April 21, 2025) (holding that federal agency need not be named as defendant for removal to be proper and it was immaterial that the action was filed *in rem* with no named defendants).

27. Similarly, courts have held that when the federal government has a monetary claim and the state court action will impact the amount of money it ultimately receives on its

claim, the state court action is thus "directed at" the federal government for purposes of removal. *See, e.g.*, *Conway*, 2025 WL 1789325, at *5 (state court actions that impact the amount of money the federal government will receive are directed at the federal government); *Jax Leasing, LLC v. Xiulu Ruan*, 359 F. Supp. 3d 1129, 1134 (S.D. Ala. 2019) ("The plaintiff may not seek an affirmative recovery from the United States, but it does seek to recover from . . . proceeds that otherwise would be recovered by the United States. It is difficult to imagine a more adversarial relationship[.]"); *In re Baldwin*, No. 21-cv-01233-NRN, 2021 WL 4133916, at *2 (D. Colo. Sep. 10, 2021) ("If the Application were to be granted by the state court, [the federal government] would have to pay funds to a different legal entity than the one agreed to by the parties and approved by a federal court pursuant to a federal statute. The terms of the annuity payment would also be modified to remove [the federal government's] discretion to designate the payee in the future. There is therefore no doubt the State Court Action is directed against [the federal government].").

28. In other contexts, the Supreme Court similarly has held that a state court action is directed at a federal agency when the action causes the agency to "expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963).

29. Here, the Order to Show Cause Petition is adversarial to, and seeks to impact the rights of, the SEC. It seeks to: (a) cancel a Mortgage to the Eastern Mirage Property that the SEC obtained under a Final Judgment in the *Xia* Case, which secures more than $228.5 million in disgorgement that the SEC expects to return to defrauded investors; (b) cancel a *Lis Pendens* that the SEC recorded against the Eastern Mirage Property (and the SEC's rights thereunder);

8

and (c) appoint a receiver to sell the Eastern Mirage Property despite the court's asset freeze in the *Xia* Case, which prohibits such a sale. Thus, the Order to Show Cause Petition directly relates to the SEC's statutory authority to enforce the Final Judgment in the *Xia C*ase and collect what it is owed under federal laws, such as the Federal Debt Collection Procedures Act, 28 U.S.C. 3306, and Rule 69 of the Federal Rules of Civil Procedure.

30. Furthermore, Mushkudiani has acknowledged the SEC's interest in the State Court Action by listing the SEC as a party to that case entitled to notice. *See Wells*, 779 F. Supp. 3d at 543-44 (giving notice of state court action to federal government, as party of interest, evidenced that petition was "directed" at federal government).

31. Fourth, the removed action must be "for or relating to any act under color of such office." This factor, however, does not apply here because it applies only to state court actions directed at "federal officers," as opposed to federal agencies, such as the SEC. *See City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389-91 (6th Cir. 2017) (holding that federal agencies can "always remove under § 1442(a)(1)" once it is sued and without showing more).

32. Finally, the SEC's removal is timely. Mushkudiani served the SEC with the Order to Show Cause Petition on September 9, 2025, and 28 U.S.C. §1446 requires any removal be filed within 30 days of such service.

## COMPLETE RECORD OF STATE PROCEEDINGS

33. 28 U.S.C. § 1447 provides that the Court may require the moving party to file with its clerk copies of all records and proceedings in the state court or may cause the same to be brought before it by writ of certiorari issued to the state court.

34. The SEC will provide any requested documents, pursuant 28 U.S.C. § 1447, to the Court's clerk.

9

## **RELIEF REQUESTED**

For these reasons, the SEC respectfully requests that the Court remove the Order to Show Cause Petition to this Court.

Dated:  September 30, 2025
         New York, New York

                                              By:  /s/ Christopher M. Colorado
                                              Christopher M. Colorado
                                              SECURITIES AND EXCHANGE COMMISSION
                                              New York Regional Office
                                              100 Pearl Street, Suite 20-100
                                              New York, New York 10004-2616

                                              *Attorneys for Plaintiff*